John K. Buche, Esq. (*Pro Hac Vice*)
California Bar No. 239477
BUCHE & ASSOCIATES, P.C.
875 Prospect St., Suite 305
La Jolla, California 92037
Tel: (858) 459-9111
Fax: (858) 430-2426
jbuche@buchelaw.com

Kevin Hejmanowski, Esq. (Local Counsel)
Nevada Bar No. 10612
LEAH MARTIN LAW
3100 W. Sahara Ave. #202
Las Vegas, Nevada 89102
Tel: (702) 420-2733
Fax: (702) 330-3235
khejmanowski@leahmartinlv.com

*Attorneys for Plaintiff*
*GreenBroz, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GREENBROZ, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>GREEN VAULT SYSTEMS, LLC; a Washington limited liability company,<br><br>Defendant. | **Case No.: 2:20-cv-02008-RFB-BNW**<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to the Court's Order (ECF No. 24), Fed. R. Civ. P. 26(f), and Local Rule 26-1, the respective parties conducted a discovery planning conference on February 10, 2021, and conferred several times after the Court issued an order on Defendant's motion to dismiss was

issued on September 10, 2021.  The Parties request a special scheduling review pursuant to L.R. 26-1(a) and hereby submit to the court the following proposed Discovery Plan and Scheduling Order.

**STATEMENT REGARDING REQUEST FOR SPECIAL SCHEDULING REVIEW**

The Parties request a special scheduling review because on February 25, 2021, the Court stayed discovery in this proceeding pending an order on the Defendant's Motion to Dismiss.  On September 10, 2021, the Court issued an order denying Defendant's Motion to Dismiss.  The Parties have proposed deadlines that provide sufficient time to complete the anticipated discovery and that avoid conflicts with counsels' other cases.

**DISCOVERY PLAN AND SCHEDULE**

**I.     DISOVERY AND EXPERTS**

   **A.     Rule 26(a)(1) Disclosures**

The Parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by October 11, 2021.

   **B.     Subject of Discovery, Completion of Discovery, and Phased Discovery**

Plaintiff's Statement:  Plaintiff intends to conduct discovery related to the agreement between Plaintiff and Defendant regarding the sale of Defendant's products.  Plaintiff also intends to conduct discovery related to the revenues, sales, and profits of Defendant's products.  Plaintiff intends to propound requests for production of documents, interrogatories, requests for admission, and deposition testimony.  Plaintiff does not believe that discovery needs to be phased with the exception that Plaintiff believes that Defendant should provide financial information concerning sales of the Defendant's products prior to any settlement conference

or mediation.

Defendant's Statement: Defendant will seek discovery showing that plaintiff knowingly sells equipment for marijuana processing and distribution, has no enforceable contract, did not comply with the alleged contract, suffered no damages, and owes defendant monies for converting and reselling defendant's equipment without compensation and interfering in an equipment sale.

C. **Discovery of Electronically Stored Information**

The parties do not perceive this to be a complex case and do not anticipate that discovery of electronically stored information ("ESI") will be extensive. Accordingly, the parties propose to exchange responsive ESI in Optical Character Recognition (OCR) searchable PDF file format. The parties may want to seek production of e-emails in native formats to ease searchability. The parties will accommodate reasonable requests for native versions of specific documents produced by the producing party.

D. **Protective Order**

The parties anticipate filing a stipulated protective order for this case.

E. **Limitations on Discovery**

The parties agree that the normal limitations on the number of interrogatories as provided by Federal Rules of Civil Procedure and the Local Rules should apply to this case (25 per party). The parties anticipate each conducting 3-9 depositions, plus expert depositions.

F. **Expert Discovery**

The parties propose a deadline for expert disclosures on March 11, 2022.

## II. SIGNIFICANT MOTIONS

### A. Amendments to the Pleadings and Adding Parties

The parties propose a deadline for filing amended pleadings or adding parties on January 14, 2022.

### B. Dispositive Motions

The parties propose a deadline for filing dispositive motions on July 22, 2022.

## III. JOINT PRETRIAL ORDER AND DISCLOSURES

The parties propose a deadline for filing a joint pretrial order on September 9, 2022.

## IV. ALTERNATIVE DISPUTE RESOLUTION

The Parties have met and conferred about the possibility of alternative dispute resolution ("ADR").

Plaintiff's Statement:  Plaintiff is agreeable to participate in ADR, specifically a settlement conference or mediation, but believes that ADR will be more productive after Plaintiff receives financial information concerning sales of the Defendant's products.

Defendant's Statement:  Defendant has and continues to be willing to participate in early ADR.

## V. ALTERNATIVE FORMS OF CASE DISPOSITION

The parties have considered trial by a magistrate judge and use of the Short Trial Program, and do not consent to either.

## VI. PROPOSED SCHEDULE

| Event | Proposed Deadlines |
|---|---|
| 1. Discovery Cut-Off | June 23, 2022 |
| 2. Amending the Pleadings and Adding Parties | January 14, 2022 |
| 3. Disclosure of Rule 26(a)(2) Disclosures (experts) | March 11, 2022 |
| 4. Dispositive Motions filing deadline | July 22, 2022 |
| 5. Joint Pretrial Order | September 9, 2022 |
| 6. Fed. R. Civ. P. 26(a)(3) Disclosures (witness and exhibit lists) | September 9, 2022 |

Dated: September 23, 2021

**Order**

IT IS ORDERED that ECF No. 28 is DENIED. The parties are directed to review Local Rule 26-1 and file a new proposed discovery plan and scheduling order that complies with this rule by 10/1/2021.

**IT IS SO ORDERED**
**DATED:** 11:10 am, September 24, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

Respectfully submitted,

BUCHE & ASSOCIATES, P.C.

*/s/ John K. Buche*
John K. Buche (*Pro Hac Vice*)
875 Prospect St., Suite 305
La Jolla, CA 92037

LEAH MARTIN LAW

*/s/ Kevin Hejmanowski*
Kevin Hejmanowksi
Nevada Bar No. 10612
3100 W. Sahara Ave. #202
Las Vegas, Nevada 89102

*Attorneys for Plaintiff GreenBroz, Inc.*

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: September 23, 2021 | KEMP JONES, LLP |
| 3 | | */s/ Spencer H. Gunnerson* |
| 4 | | J. Randall Jones, Esq. |
| | | Nevada Bar No. 1927 |
| 5 | | Spencer H. Gunnerson, Esq. |
| | | Nevada Bar No. 8810 |
| 6 | | 3800 Howard Hughes Parkway, 17th Floor |
| 7 | | Las Vegas, Nevada 89169 |
| 8 | | VAN KAMPEN & CROWE PLLC |
| 9 | | |
| 10 | | */s/ Al Van Kampen* |
| | | Al Van Kampen, Esq. (*Pro Hac Vice*) |
| 11 | | 1001 Fourth Avenue, Suite 4050 |
| | | Seattle, Washington 98154 |
| 12 | | |
| 13 | | *Attorneys for Defendant* |
| | | *Green Vault Systems, LLC* |